[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16433
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00315-CR-17-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY JAMES, JR.,
a.k.a. Unc,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 30, 2010)

Before CARNES, BARKETT  and MARCUS , Circuit Judges.

PER CURIAM:

Henry James, Jr., through counsel, appeals his 87-month, low-end guidelines

sentence following his conviction for conspiracy to possess with intent to distribute and to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846. On appeal, James argues that his sentence is substantively unreasonable because the district court failed to consider mitigating factors adequately.

We review a sentence for reasonableness, employing an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The party challenging the sentence carries the burden of establishing unreasonableness. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Initially, we find no significant procedural errors in calculating the guideline range or in the treatment of the Guidelines as mandatory or in any failure to consider the factors in 18 U.S.C. § 3553(a),[1] and James does not offer argument

---

[1] The relevant § 3553(a) factors include:
　　(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
　　(2) the need for the sentence imposed—
　　　　(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
　　　　(B) to afford adequate deterrence to criminal conduct;
　　　　(C) to protect the public from further crimes of the defendant; and
　　　　(D) to provide the defendant with needed . . . treatment;
　　(3) the kinds of sentences available;
　　(4) the kinds of sentence and the sentencing range . . . ; and
　　(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a).

pertaining to the procedural reasonableness of his sentence.

With respect to the substantive reasonableness of James's sentence, the district court considered James's arguments for a sentence below the guidelines range of 87 to 108 months' imprisonment, but acted within its discretionary authority in concluding that any such weight given to those mitigating factors was adequately reflected in the guidelines calculation. According to the district court, an 87-month sentence was sufficient to accomplish the purposes of sentencing because the facts of the case as they related to James did not provide a reason to impose a lower sentence. Moreover, the district court sentenced James at the bottom end of the guidelines range, well below the statutory maximum of 20 years. Therefore, we conclude that the district court did not commit a "clear error in judgment" by sentencing James to 87 months' imprisonment.

**AFFIRMED.**